# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| STEPHANIE HANEY, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>      v.<br><br>GRACO CHILDREN'S PRODUCTS, INC.<br><br>       Defendant. | COMPLAINT – CLASS ACTION<br><br>DEMAND FOR JURY TRIAL<br><br>Civil Action File No. |

# INTRODUCTION

1.      Graco Children's Products, Inc. ("Graco") manufactures and sells the Graco® Slim Spaces™ Compact Baby Swing and substantially similar models (the "Products" or "Swings"),[1] which are battery-operated infant swings that Graco markets as compact, easy-to-use products featuring "multiple swing speeds" because, according to Graco, a "[s]oothed baby, [is a] happy baby."



---

[1] The Products include the Slim Spaces Compact Baby Swing, Model Nos. 2156182, 2231532, and PD349399E, and all substantially similar infant swings sold by Graco. The models that are subject to this litigation and included in the definition of the Products are subject to modification, and Plaintiff reserves the right to modify the Products, based upon what is learned in discovery in this litigation.

[2] https://www.gracobaby.com/shop/home-and-gear/swings-and-jumpers/swings/slim-spaces-compact-baby-swing-

2.      Graco further represents to consumers on its website that "[e]ven when the product's battery is low, the swing rate will not exceed the rate of the highest setting."[3] These representations are false and deceptive, omit the dangerous truth about the Products, and lure consumers into purchasing a product that is dangerous to infants.

3.      Contrary to what Graco promises, Graco does not disclose that the Swings contain a serious and pervasive defect that causes them to spontaneously accelerate to high speeds without any user input—including when set on the lowest setting—rendering the speed controls completely inoperative (the "Defect").

4.      An analysis and explanation of the root cause of the Defect will be honed through the discovery process, but when the Defect manifests, users have reported that a red light on the Products' frame begins to flash, and then the seat starts swinging very fast, even on the lowest setting. Many reviewers report that the speed cannot be lowered once the high-speed mode kicks in, and that the problem cannot be resolved even when batteries are replaced. Some consumers report that the Swings will not turn off at all unless they physically remove the batteries. This

/SAP_2231532.html?bvrrp=Main_Site-en_US%2Freviews%2Fproduct%2F2%2FSP_96148.htm&actionPoint=Show (last accessed July 20, 2026).

[3] *Id.*

3

uncontrolled, high-speed oscillation poses a direct and serious risk of physical harm or death to the infants placed inside the swing.

5.     There are hundreds of one-star reviews of the Swings across the Graco, Amazon, Target, and Walmart websites. Consumer Reports published an investigative article on this issue in July 2025, reporting that posts describing the problem appeared on at least one retail platform as early as March 2020, and that as of late October 2024, 42 percent of all customer reviews on Walmart for the swing in the "Etcher" color were one-star reviews, with 82 reviews on the Graco product listing including the phrase "too fast." Despite years of consumer complaints, filings with the United States Consumer Product Safety Commission, and media coverage, Graco has not issued a recall, has not corrected its product listing or issued a warning to consumers, and continues to advertise the Swings with the same false and misleading representations it has used since the Product's introduction.

6.     Plaintiff Stephanie Haney purchased the Graco Slim Spaces Compact Baby Swing from Amazon on November 20, 2025, relying on Graco's representations that the Swing featured safe and adjustable speeds. Like hundreds of other purchasers, Ms. Haney experienced spontaneous, uncontrollable speed changes—the very Defect Graco never disclosed. Had Ms. Haney known the truth— that the Swing was prone to a dangerous, uncontrollable acceleration Defect and that

4

Graco's representations about adjustable and limited speeds were false—she would not have purchased the Swing or would not have paid the price she did.

7.    Plaintiff Haney brings this action on behalf of herself and a class of similarly situated consumers who purchased the Swings and were deceived by Graco's false and misleading representations and material omissions. Plaintiff seeks damages, restitution, injunctive relief, and all other available relief.

8.    Plaintiff makes the following allegations upon information and belief and investigation by her counsel, except for allegations related to her personal purchase and use of the Product, which are based on personal knowledge.

## PARTIES

### A.    Plaintiff Stephanie Haney

9.    Plaintiff Stephanie Haney is a citizen of the state of California who at all times relevant to this action resided in and was domiciled in California.

### B.    Defendant Graco Children's Products, Inc.

10.    Defendant Graco Children's Products, Inc. is a baby products company headquartered in Atlanta, Georgia and incorporated in Delaware. Its parent company is Newell Brands, which is headquartered in Atlanta, Georgia, and incorporated in Delaware.

11.    Graco designs, manufactures, markets, distributes, and sells the Products throughout the United States. Graco sells its Products directly to consumers

through its website and through third-party retailers including Amazon, Target, and Walmart, among others.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy in this action exceeds $5,000,000, exclusive of interest and costs.

13. This action is a class action in which one or more members of the proposed class are citizens of a state different from Defendant. Specifically, Plaintiff is a citizen of California, and Defendant Graco Children's Products, Inc. is incorporated in Delaware with its principal place of business in Georgia. The proposed class contains more than one hundred members.

14. This Court has personal jurisdiction over Graco because Graco systematically and continuously conducts business within Georgia, sold the Products to consumers in Georgia, directed marketing and advertising to Georgia consumers, derived substantial revenue from Georgia purchasers, and—along with its parent company Newall Brands—Graco has a principal place of business in Georgia.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Graco transacts business, numerous Class Members purchased the Products, a substantial part of the events giving rise to the claims alleged herein occurred, and Defendant is headquartered in this District.

## FACTUAL ALLEGATIONS

### A.    The Swings and Their Representations

16.    The Swings are battery-operated infant swings designed to save space in the home, featuring a carry handle, compact fold capability, height-adjustable legs, and an overhead toy bar.

17.    Graco's product listing on its website prominently markets the swing as featuring "multiple swing speeds" because a "[s]oothed baby, [is a] happy baby."[4]

18.    Graco's website further advises consumers that "[e]ven when the [Swings'] battery is low, the swing rate will not exceed the rate of the highest setting."[5]

19.    These representations directly address a critical infant safety concern: the speed at which the swing oscillates while an infant is inside.

20.    Caretakers placing newborns and young infants in motorized swings rely on the manufacturer's assurances that the Products will operate within safe, predictable, and user-controlled parameters.

---

[4] *Id.*

[5] *Id.*

21.     The Products retail for approximately $109.99 on Graco's website[6] and are available through Graco's website and through national retailers including Amazon, Target, and Walmart.

**B.      The Defect: Uncontrolled, Dangerous Speed Acceleration**

22.     Graco's representations concerning the Swings omit from consumers that the Swings are afflicted with the Defect. Consumers across the country have reported that the swing's red indicator light begins to flash unpredictably, after which the swing spontaneously accelerates to its maximum speed—regardless of the speed setting selected by the user.

23.     Once this high-speed mode activates, many consumers report that it cannot be lowered or stopped through normal operation, and the problem persists even after battery replacement.

24.     Some consumers have reported that the only way to stop their Swing is to physically remove the batteries; at least one reviewer reported that the Swing reverts to its highest speed on its own even after the power switch is turned off.

---

[6] *Id.*

8



The swing suddenly began swinging at an alarming speed, even though it was turned off. This unexpected malfunction was not only surprising but also raised significant safety concerns for me as a parent.

7

25.    Another parent in an Amazon review dated July 19, 2024, entitled "If you want your child to fly," states that the speed for the Swing was "on the lowest setting [and] became faster than the highest setting and the swing became dangerous to our 2 month old."[8]



_____

[7] https://www.amazon.com/product-reviews/B09MWJDC6C/ref=cm_cr_getr_d_paging_btm?ie=UTF8&filterByStar=one_star&reviewerType=all_reviews&pageNumber=6&nextPageToken=MjAyNi0wNS0wOFQxNToyOTozNi43MDU5MTQ3ODBaADUw#reviews-filter-bar (last accessed July 20, 2026).

[8] _Id._

9

26.     According to Consumer Reports, a reviewer named Nattalie wrote in an Amazon review that "No baby should swing like that and my son could've been seriously neurologically hurt had I not turned around and noticed the change in time."[9]

27.     Customer reviews from the Graco website document the same recurring pattern. One reviewer warned: "The Graco® Slim Spaces™ Compact Baby Swing has become a dangerous hazard for our baby. The light will start blinking/flashing and then speed up erratically to the point it becomes dangerous for any child. Changed the batteries, this issue continues." Graco responded by demonstrating that it knew about this exact Defect, stating that the "swing does speed up when the batteries are low."

---

[9] Lauren Kirchner, "Is Your Graco Baby Swing Suddenly Rocking Too Fast?" CONSUMER REPORTS (July 22, 2025) (accessible at https://www.consumerreports.org/babies-kids/baby-swings/graco-baby-swing-suddenly-rocking-too-fast-a5999826648/) (last accessed July 20, 2026).

10



★☆☆☆☆
GRACO® SLIM SPACES™ COMPACT BABY SWING ERRATIC SPE
a year ago

The Graco® Slim Spaces™ Compact Baby Swing has become a dangerous hazard for our baby. The light will start blinking/flashing and then speed up erratically to the point it becomes dangerous for any child. Changed the batteries, this issue continues.

🏷 I am a: Proud Grandparent

Helpful?  👍 (0)  👎 (0)     Report

| 💬 Response from Graco: | a year ago |
| --- | --- |

Customer Care

Hello, thank you for your feedback on our SlimSpace Compact Swng, and we are sorry that it did not meet your expectations. The swing does speed up when the batteries are low.  Satisfaction of our consumers is important to us, therefore we would be happy to help you resolve this issue.Please reach us at 1-800-345-4109 Consumer Care team 9AM to 5PM EST, or you can also use the link below to contact us via email. We are looking forward to hearing from you! https://www.gracobaby.com/support/contact-us
Thank you!
Graco Team

10

28.    Another parent wrote: "SPEED MALFUNCTION!! Goes from slowest setting to scary fast on its own!! I was afraid my baby was going to fly out. We can not use this swing safely." Graco responded directly to this review, as well, with a stock response that offered no real solution or resolution.

---

[10] https://www.gracobaby.com/shop/home-and-gear/swings-and-jumpers/swings/slim-spaces-compact-baby-swing-/SAP_2231532.html (last accessed July 20, 2026).



29.    Yet another parent reported: "DANGEROUS! This swing just started to swing at a high speed out of nowhere. My baby boy almost fell out of it." Graco responded directly to this review and recommended that the user check if the batteries are low, but otherwise offered no remedy or clear explanation for the extreme shift in swing speeds.

---

[11] https://www.gracobaby.com/shop/home-and-gear/swings-and-jumpers/swings/slim-spaces-compact-baby-swing-/SAP_2231532.html (last accessed July 20, 2026).



12

30.    Consumer Reports investigated this Defect and published a detailed article in July 2025, reporting hundreds of one-star reviews across Amazon, Target, Walmart, and the Graco website, and noting that posts describing the issue appeared on at least one retail platform as early as March 2020.[13]

31.    Consumer Reports' safety experts also alerted the United States Consumer Product Safety Commission and called for an investigation.[14]

### C.    CPSC Complaints and Graco's Knowledge

32.    Since at least early 2024, consumers have filed complaints regarding this Defect directly with the Consumer Product Safety Commission ("CPSC").

---

[12] *Id.*

[13] Lauren Kirchner, "Is Your Graco Baby Swing Suddenly Rocking Too Fast?" CONSUMER    REPORTS    (July    22,    2025)    (accessible    at https://www.consumerreports.org/babies-kids/baby-swings/graco-baby-swing-suddenly-rocking-too-fast-a5999826648/) (last accessed July 20, 2026).

[14] *Id.*

33.     The CPSC forwards consumer complaints of safety hazards directly to the manufacturer of a product after it receives and reviews a complaint. It is required to do this by federal law. Moreover, the CPSC publicly posts these complaints on its website, saferproducts.gov, and lists the date on which the complaint was sent to the manufacturer.

34.     One CPSC report detailed that a consumer's baby swing began to swing extremely fast when the battery was low, even when set on the lowest setting, and that the consumer stopped using it for their newborn because they did not feel it was safe. This complaint was sent directly to Graco in April of 2024.

**Product Details**

**Product Description:** Graco Slim Spaces Compact Baby Swing - Model #2156182
**Manufacturer/Importer/Private Labeler Name:** Newell Rubbermaid Inc.
**Brand Name:** Graco
**Model Name or Number:** Slim Spaces C Model #2156182
**Serial Number:** PD349724G
**UPC Code:**
**SKU#:**
**Date Manufactured:** 5/12/2023
**Retailer:** Amazon
**Retailer State:**
**Purchase Date:** 6/25/2023
**Product Category:** Baby
**Product Type:** Nursery Equipment & Supplies
**Product Code:** Portable Baby Swings (For Home Use) (1553)

**Associated Recall**

**Incident Details**

**Incident Description:** The swing will begin to swing extremely fast when battery life is low (red light starts flashing) even though its on the lowest swing setting. I stopped using it for my newborn as I didn't feel it was safe. My child is now 8 months old. I tested the swing and the issue re-occurred. Child is under the product weight limit of 25 pounds.
**Incident Date:** 2/14/2024
**Incident Location:** Home/Apartment/Condominium

**Report Number:** 20240402-AE207-2147340008
**Report Date:** 4/2/2024
**Sent to Manufacturer/Importer/Private Labeler:** 4/12/2024
**Report First Publication Date:** 4/26/2024
**Category of Submitter:** Consumer

[15]

35.     Another CPSC report described a swing that automatically began swinging a three-month-old baby beyond the highest speed, with the consumer

---

[15] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=4685071 (last accessed July 20, 2026).

noting that, according to reviews on the product's website, many other consumers were experiencing the same issue.

**Product Details**

**Product Description:** Model Number 2156182 Graco Slim Spaces Compact Baby Swing
**Manufacturer/Importer/Private Labeler Name:** Newell Rubbermaid Inc.
**Brand Name:** Graco
**Model Name or Number:** 2156182
**Serial Number:**
**UPC Code:**
**SKU#:**
**Date Manufactured:**
**Retailer:** Amazon.com
**Retailer State:**
**Purchase Date:** 8/5/2024
**Product Category:** Baby
**Product Type:** Nursery Equipment & Supplies
**Product Code:** Portable Baby Swings (For Home Use) (1553)

**Associated Recall**

**Incident Details**

**Incident Description:** I started having issues with a flashing light and a sudden speed change to maximum speed. This was far too fast for my young baby. While reviews on Amazon were positive, the Graco site shows a different side. There have been multiple reports of: Babies being flung from the swing Swing catching fire with infant in swing Swing catching fire when not in use Swing injuring pets when overclocking speed Swing arriving moldy and with dead rodents Graco apparently is not handling this situation well and has not issued a recall. I have messaged them to try and get it resolved for ourselves. Comments and reviews are also being deleted by the company

**Incident Date:** 11/3/2024

**Incident Location:** Home/Apartment/Condominium

**Report Number:** 20241104-DF0A4-2147335559
**Report Date:** 11/4/2024
**Sent to Manufacturer/Importer/Private Labeler:** 12/3/2024
**Report First Publication Date:** 12/17/2024
**Category of Submitter:** Consumer

16

---

[16] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=4979436 (last accessed July 20, 2026).

36. In response to a CPSC complaint, Graco's parent company, Newell Brands, stated that "Graco does not believe that the specific product identified contains any defect that could create a substantial product hazard or unreasonable risks of serious injury or death."

## Incident Details

**Incident Description:** Our Graco Slim Spaces Compact Baby Swing automatically swings our 3m old baby according to the speed of the dial. However, in the last week the on light has started flashing and the swing has accelerated beyond the highest speed. Its as if someone is pushing the swing as hard as they can. After reading the reviews of this product in Gracos website it appears that many, many other consumers are experiencing the same issue. This is a product for newborns and infants and it is so unsafe! Here is a link to the product page where other reviews testifying to this problem are available. https://www.gracobaby.com/home-and-gear/swings-and-jumpers/swings/slim-spaces-compact-baby-swing/SAP_2156182.html

**Incident Date:** 9/1/2024

**Incident Location:** Home/Apartment/Condominium

## Victims Involved

**Injury Information:** Incident, No Injury

**My Relationship to the Victim:** My Child

**Sex:** Unknown

**Victim's Age When Incident Occurred:** 3 months

## Comments from the Manufacturer/Private Labeler

**Newell Rubbermaid Inc.:** We are in receipt of your notification dated September 9, 2024, providing consumer complaint information concerning an incident associated with a swing reportedly sold by Graco Children's Products Inc. ("Graco"). Based on the content of CPSC Report #20240904-43268-2147336724 Graco does not believe that the specific product identified contains any defect that could create a substantial product hazard or unreasonable risks of serious injury or death.

## Additional Details

**Submitter has product?:**

**Product was damaged before incident?:**

**Product was modified before incident?:**

**If yes to any, explanation:**

**Have you contacted the manufacturer?:**

**If Not, Do you plan to?:**

**Report Number:** 20240904-43268-2147336724

**Report Date:** 9/4/2024

**Sent to Manufacturer/Importer/Private Labeler:** 9/9/2024

**Report First Publication Date:** 9/23/2024

[17] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=4897578 (last accessed July 20, 2026).

37.    This denial stands in stark contrast to the hundreds of consumer reports, the Consumer Reports investigation, and the multiple CPSC filings documenting the same pattern of dangerous malfunction.

**D.    Graco's Knowledge of the Defect and Inadequate Response**

38.    Graco has been on actual notice of this Defect for years. Graco's customer care team has responded to many of the negative reviews that customers left on the Graco website and on third-party retail platforms, either inviting customers to contact the company or promising that a representative would reach out to address the issue.

39.    In numerous responses, Graco's customer care team attributed the runaway speed to low battery charge and advised consumers to simply replace the batteries—a non-solution that, as consumers repeatedly reported, failed to correct the Defect. Rather than investigate the root cause of the malfunction, issue a recall, or correct its product listings, Graco continued to market and sell the Swings with the same false representations about adjustable and battery-safe speeds.

40.    A review of the current user manual for the Slim Spaces Compact Baby Swing reveals no mention of the speed acceleration Defect, nor any warning to consumers that the swing may spontaneously and uncontrollably accelerate to

maximum speed.[18] Upon information and believe, all previous versions of the user manuals similarly lacked any warning regarding the Defect.[19] Consumers purchasing the Swings—including Plaintiff—had no way of knowing from the Products' labeling, packaging, instruction manual, or any other source provided by Graco that the swing was prone to this dangerous malfunction.

41.    Graco had pre-sale knowledge of the Defect and the safety hazards presented by the Defect. Graco learned of the Defect prior to taking the Swings to the marketplace. Indeed, as part of its research, development, and pre-sale testing of the Swings, Graco performed various tests that replicate actual consumer use of the Swings over hundreds or thousands of use cycles. As part of that testing and research, Graco necessarily would have learned of the Defect and that the Swings can begin to swing uncontrollably, thereby presenting a safety hazard.

42.    Graco also became aware of the Defect after launching the products, but before Plaintiff and other class members purchased the Swings, by way of the many complaints and negative reviews the Swings received online (e.g., on

---

18

https://newellbrands.scene7.com/is/content/NewellRubbermaid/SLIM%20SPACES_1AM_PD349399M_USCA (last accessed July 20, 2026).

[19] *See, e.g.*, the 2017 user manual for Model PD349399E at https://manuals.plus/graco/graco-pd349399e-slim-spaces-compact-swing-owners-manual (last accessed July 20, 2026).

consumer gripe sites, on national retailers' websites, and on message boards) and the many complaints received directly by Graco and its retailers who sell the Swings.

43.    Graco knew of the Defect, yet omitted it from the consuming public, putting infants at significant risk of harm or death.

**E.    Graco's Misrepresentations and Omissions Are Material**

44.    The representations Graco makes regarding the Swings' adjustable speeds and low-battery performance—and its omission of the Defect—are material to any reasonable consumer's purchasing decision. Advertising and touting the performance and safety of the Swings without disclosing the Defect, e.g., in product marketing, on Graco's or its retailers' websites, in the Swings' in-box literature or booklet, or on the exterior of the packaging, amounts to a misleading half-truth about the qualities of the Swings.

45.    Parents and caregivers select infant swings with the expectation that the product will perform as advertised—safely, reliably, and within user-controlled parameters. A product that spontaneously accelerates to full speed and traps an infant in an uncontrollable, dangerous oscillation is not fit for its intended purpose and is not the product Graco represented it to be.

46.    As Consumer Reports safety policy manager Oriene Shin observed: "Graco says these swings don't have any safety issues, but hundreds of parents and caregivers are telling the company otherwise. It's alarming to see so many concerns

21

about a potential safety issue go unaddressed. Parents and caregivers put immense trust in the products they purchase for their babies, and they expect companies to promptly address any safety concerns that may arise."[20]

47.    Had consumers known the full truth—that the Swings contain a Defect causing dangerous, uncontrollable high-speed acceleration, that the speed controls were unreliable, and that Graco's assurances about battery-low behavior were false—they would not have purchased the Swings at all, let alone paid the premium price Graco charges for it.

### F.    Plaintiff Stephanie Haney's Experience

48.    Plaintiff Stephanie Haney purchased the Graco Slim Spaces Compact Baby Swing from Amazon on November 20, 2025, paying $95.99 for the product.

49.    Ms. Haney purchased the Swing based on Graco's representations that the Swing featured adjustable and reliably controllable speeds. Ms. Haney was unaware of the Defect at the time she made her purchase. At no point during her pre-purchase research into the Swing or prior to her purchase did she become aware of the Defect.

---

[20] Lauren Kirchner, "Is Your Graco Baby Swing Suddenly Rocking Too Fast?" CONSUMER    REPORTS    (July    22,    2025)    (accessible    at https://www.consumerreports.org/babies-kids/baby-swings/graco-baby-swing-suddenly-rocking-too-fast-a5999826648/) (last accessed July 20, 2026).

50.     Prior to purchasing her Swing, Ms. Haney did significant amounts of online research concerning the performance and safety of the product. She reviewed online reviews; reviewed the product's description on Graco's website; observed and reviewed the packaging for the Swing prior to opening it; and reviewed the product literature inside box for her Swing. At no point did Ms. Haney see any statement or disclosure concerning the Defect or that the Swing is unsafe due to the Defect.

51.     Graco could have disclosed the Defect on its packaging exterior, online on its website, or in its product manual, but failed to do so. If Graco had made this disclosure, Ms. Haney would have seen it and would not have purchased her Swing.

52.     After purchase, Ms. Haney experienced the Defect. Specifically, the Swing would speed up even when not set to that speed setting, becoming unreliable and unsafe. Ms. Haney confirmed that she experienced spontaneous changes in speed and issues with the Product.

53.     Had Graco accurately disclosed the Swing's dangerous speed Defect, or corrected the false representations on its Product listing, Ms. Haney would not have purchased the Swing or would not have paid the price she did.

## FED. R. CIV. P. 9(b) ALLEGATIONS

54.     Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Although Graco is in the best position to know what content it placed

on its website, in its marketing materials, on its product packaging, and in its product manuals during the relevant timeframe, to the extent any of Plaintiff's claims are subject to Rule 9(b), Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

55.     *Who:* Graco made material misrepresentations and omissions of fact through their labeling, packaging, marketing materials, user manuals, and through third-party retailers, which included representations that the Products were safe and of high quality, while omitting any disclosure of the Defect.

56.     *What:* Graco's conduct was, and continues to be, fraudulent because they omitted and concealed that the Products contain a dangerous Defect. Graco made affirmative misrepresentations through its marketing that the Products were safe for use while failing to warn Plaintiff and Class Members that the Products contained the Defect. For example, Graco's website advises consumers that "[e]ven when the [Swings'] battery is low, the swing rate will not exceed the rate of the highest setting."[21] Graco omitted the fact that the Swings could accelerate to unsafe speeds when the batteries were low, rendering the speed control functions useless. Graco knew or should have known this safety information is material to reasonable

---

[21] *Id.* https://www.gracobaby.com/shop/home-and-gear/swings-and-jumpers/swings/slim-spaces-compact-baby-swing-/SAP_2231532.html (last accessed July 20, 2026).

consumers, including Plaintiff and Class Members, and impacts the purchasing decision, yet they omitted any warning that the Products contain the unsafe speed Defect.

57.   ***When:*** Graco made the material misrepresentations and omissions prior to and at the time Plaintiff and Class Members researched, considered, and purchased the Products between approximately 2017 to the present day. The misrepresentations and omissions were continuous throughout this period, as consumers reviewed Graco's marketing materials, labeling, product packaging, and user manual information before and at the point of sale, leaving Plaintiff and Class Members unaware of the Defect and its attendant safety risks.

58.   ***Where:*** Graco's material misrepresentations and omissions were made on the Products' labeling and packaging, in their marketing materials and advertisements, in user manuals provided to consumers, and on third-party retailer websites that sold the Products.

59.   ***How:*** Graco made written and electronic misrepresentations and failed to disclose material facts regarding the true safety risks and serious dangers created by normal use of the Products. These misrepresentations and omissions were disseminated in written form through product packaging and labeling, in electronic form through their digital marketing, and in conventional hardcopy form through user manual documents.

60.    *Why:* Graco engaged in these material misrepresentations and omissions for the express purpose of inducing Plaintiff, Class Members, and other reasonable consumers to purchase the Products at premium prices. Graco profited by selling millions of these Products to consumers nationwide while knowing of the Defect, and consciously chose profits over safety by concealing the Defect, maintaining premium pricing, avoiding costly recalls and refunds, and continuing to increase its market share and profits.

61.    *Injury:* Plaintiff and Class Members purchased the Products when they otherwise would not have absent Graco's misrepresentations and omissions. Alternatively, Plaintiff and Class Members paid more for the Products than they would have absent Graco's fraudulent conduct. Had Graco disclosed the Defect at the time of sale, Plaintiff and Class Members would not have purchased the Products at all, or would have paid substantially less than the premium prices Graco commanded based on their false representations of safety and quality.

## TOLLING ALLEGATIONS

### A.    Discovery Rule

62.    Plaintiff and Class Members could not have discovered through the exercise of reasonable diligence that the Products contained the Defect within the time period of any applicable statutes of limitation.

63.    The Defect was latent and not visible or apparent to consumers during ordinary examination, use, or inspection of the Products.

64.    Neither Plaintiff nor Class Members knew or could have known that the Products contained the dangerous Defect, especially because Graco continues to sell the Products and deny the existence of the Defect.

65.    Despite the existence of isolated online consumer complaints referencing performance issues with the Swings, those publicly available complaints did not disclose the existence, nature, scope, or root cause of the latent speed-control Defect. Moreover, Graco possessed superior and exclusive knowledge regarding the Defect through pre-market testing, warranty data, consumer complaints, engineering analyses, and other internal information, yet failed to disclose that knowledge to unsuspecting purchasers.

66.    Graco concealed and misrepresented the dangerous Defect in the Products throughout the entire sale period from 2017 through the present day.

67.    Plaintiff and Class Members could not have reasonably discovered and could not have known of facts that would have caused a reasonable person to suspect that Graco knowingly failed to disclose material safety information within their knowledge about the dangerous Defect to consumers in the United States.

68.  Graco's labeling, packaging, marketing materials, and user manual documents contained no warnings to consumers prior to the point of sale about the Defect despite Defendants' knowledge of these risks.

69.  As such, no potentially relevant statute of limitations should be applied to bar Plaintiff's or Class Members' claims.

**B.  Fraudulent Concealment**

70.  Throughout the period relevant to this action, Graco concealed from and failed to disclose to Plaintiff and Class Members vital information about the Defect described herein.

71.  Graco kept Plaintiff and Class Members ignorant of vital information essential to the pursuit of their claims, specifically the existence of the dangerous Defect.

72.  As a result, neither Plaintiff nor Class Members could have discovered the Defect, even upon reasonable exercise of due diligence, because the Defect was not discoverable through ordinary inspection or use.

73.  Graco had a duty to disclose to Plaintiff and Class Members the true quality and nature of the Products, that the Products have a uniform dangerous Defect, and that the Products pose serious safety concerns to infants.

74. This duty arose, among other things, from Graco's affirmative representations through their marketing of the Products as safe for use by infants and their caregivers.

75. Throughout the Class Period, at all relevant times from 2017 through the present, Graco has known that the Products, which they designed, manufactured, and sold, contained the Defect resulting in serious safety risks.

76. Graco's actual knowledge of the serious safety concerns surrounding the Products was gained via pre-launch testing of the Swings, and is further evidenced by, among other things, the CPSC's forwarding reports of the Defect to Graco and Graco's receiving, and responding to, complaints regarding the Defect made directly on its own website and its retailers' websites.

77. Despite Graco's knowledge of the Defect and serious safety issues posed by the Products when used as intended, Graco failed to disclose and instead concealed material information including the presence of the Defect from Plaintiff and Class Members, even though, at any point in time, they could have disclosed the Defect through a recall, individual correspondence, media release, or by other means.

78. Instead, Graco continues to market and sell the Products as safe for their intended purpose and commanded premium prices based on these false representations.

79.    The purpose of Graco's concealment of the dangers was to continue to profit from the sale of Products and to prevent Plaintiff and Class Members from seeking redress.

80.    Plaintiff and Class Members justifiably relied on Graco to disclose the true nature of the Products they purchased because the Defect was not discoverable by Plaintiff and Class Members through reasonable efforts.

81.    Any applicable statute of limitations has been tolled by Graco's knowledge, active concealment, and denial of the facts alleged herein, which is ongoing.

**C.    Estoppel**

82.    Graco is and was under a continuous duty to disclose to Plaintiff and Class Members the fact it knew about the dangerously defective nature of the Products, namely the existence of the Defect.

83.    Graco knowingly, affirmatively, and actively concealed the true nature, quality, and character of the Products from Plaintiff and Class Members throughout the entire sale period from 2017 through the present day.

84.    Graco made continuous affirmative representations that the Products were safe, of high quality, and suitable for their intended purpose.

85.   Graco knew of the Defect but failed to warn consumers or disclose this material safety information in their labeling, packaging, marketing materials, or user manual documents.

86.   Plaintiff and Class Members reasonably relied on Graco's silence regarding safety issues, interpreting the lack of warnings, combined with premium pricing and comprehensive user manual coverage, as confirmation that the Products were safe for their intended use.

87.   Graco is estopped from relying on any statutes of limitations in defense of this action due to their own fraudulent concealment and continuing representations regarding the safety and quality of the Products.

88.   Additionally, Graco is estopped from raising any defense of laches due to their own conduct as alleged herein, including the continued concealment of the Defect while continuing to sell the Products to unsuspecting consumers.

<strong>CLASS ACTION ALLEGATIONS</strong>

89.   Pursuant to LR 23.1, Plaintiff provides the following information:

**A.    Rule 23 Section Authorizing Maintenance of the Suit by Class Action**

90.   Plaintiff brings this action on behalf of herself and the following proposed classes pursuant to Federal Rules of Civil Procedure 23(a-c), which authorize the maintenance of this suit as a class action because Plaintiff and the class meet all prerequisites necessary to satisfy Rule 23, as described in detail below.

31

**B.      Definition and Approximate Size of the Classes**

91.      **Nationwide Class**: All persons in the United States who purchased the Products, estimated to number in the hundreds of thousands of individuals.

92.      **California Class**: All persons in the State of California who purchased the Products, estimated to number in the tens of thousands of individuals.

93.      The Nationwide Class and California Class are referred to collectively herein as "the Class." Excluded from the Class are: any judge or magistrate presiding over this action and members of their families; Graco, its subsidiaries, affiliates, parents, successors, predecessors, and any entity in which Graco has a controlling interest, and their current and former employees, officers, and directors; persons who properly execute and file a timely request for exclusion from the Class; persons whose claims in this matter have been finally adjudicated or otherwise released; persons pursuing individual claims for personal injury or wrongful death caused by use of the swing; and the legal representatives, successors, or assigns of any such excluded persons.

94.      **Numerosity.** The Classes are so numerous that joinder of all members is impracticable. Given estimated total sales approaching two million units since the Products' introduction, and the widespread reports of the speed Defect across multiple retail platforms, the proposed Classes plainly contain thousands, if not hundreds of thousands, of members. Class Members can be identified through

Graco's sales records and through records of third-party retailers including Amazon, Target, and Walmart.

**C.    The Basis of Plaintiff's Claims to be an Adequate Class Representative**

95.    **Typicality and Adequacy.** Plaintiff's claims are typical of those of the Class. Like all Class Members, Plaintiff purchased a Swing, relied on Graco's representations regarding the Swing's adjustable speed functionality, and was not informed of the speed Defect. Plaintiff has no conflicts of interest with the Class and will fairly and adequately protect Class interests. Plaintiff has retained competent counsel experienced in class action and consumer protection litigation.

**D.    The Alleged Questions of Law and Fact Common to the Class**

96.    **Commonality.** Common questions of law and fact predominate over any questions affecting only individual Class Members. Those common questions include, without limitation: whether Graco's representations that the Swings feature adjustable and controllable speeds were false or misleading; whether Graco omitted material information from its Products' listings and labeling concerning the speed Defect; whether those representations and omissions were material to a reasonable consumer; whether Graco violated California's consumer protection statutes; whether Graco breached its express and implied warranties; and whether Graco was unjustly enriched; and the appropriate measure of damages for the Class.

**E.    Allegations Necessary to Satisfy Rule 23(b)(2) and Rule 23(b)(3)**

33

97. **Rule 23(b)(2).** Graco has acted and/or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate for the Class as a whole. Graco has acted on grounds that apply generally to the Class by designing, manufacturing, marketing, distributing, and selling the Products at issue containing the uniform Defect. Graco has failed to act on grounds that apply generally to the Class by failing to recall the Products, refund consumers, or otherwise remedy the Defect.

98. **Rule 23(b)(3).** Questions of law and fact common to class members predominate over individual questions and a class action is superior to other available methods for adjudicating the controversy.

99. **Predominance.** The common issues of fact and law described in paragraph 96 predominate over any individual questions. The Defect is universal and present in all Products, and Graco has failed to remedy the Defect, whether through refunds to consumers, recall, or any other method. Those questions are common to all Products and all Class members and dwarf any individual questions related to consumer purchases of the Products.

100. **Superiority.** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Individual Class Members lack the resources to litigate individual claims against a large, well-funded corporate defendant, and the individual damages of each Class Member, while real and

compensable, are modest in relation to the cost of individual litigation. Concentrating litigation in a single forum will conserve judicial resources and ensure consistent results. The Court is an appropriate venue for this action, and there are no unusual management difficulties anticipated.

## CAUSES OF ACTION

### Count I
**Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500 et seq.**
*(By Plaintiff and the California Class)*

101.  Plaintiff incorporates all preceding factual allegations as though set forth fully herein. Plaintiff brings this cause of action on behalf of herself and the California Class.

102.  Graco's product listing and advertising for the Swings prominently represents that the Swings "adjustable swinging speeds" that "allow you to find the right pace to suit baby's mood," and further represents that "[e]ven when the product's battery is low, the swing rate will not exceed the rate of the highest setting." These statements are disseminated throughout Graco's website, third-party retail platforms including Amazon, Target, and Walmart, and product packaging, and they are directed to California consumers.

103.  These representations are untrue and misleading within the meaning of the California False Advertising Law, California Business and Professions Code sections 17500 and 17501 ("FAL"). As documented in hundreds of consumer

35

reviews and multiple CPSC complaints, the swing spontaneously accelerates to its maximum speed regardless of the speed setting, and this malfunction does not resolve even upon battery replacement. The representations that the swing's speed is adjustable and that the speed will not exceed the highest setting even when the battery is low are therefore false.

104.    Graco further violated the FAL by omitting warnings related to the Defect from any of its marketing, labeling, packaging, or instruction materials. Graco's omission was contrary to a representation actually made by Graco, namely that the swing speed rate will not exceed the higher setting. And, Graco had an obligation to disclose the Defect to consumers because it presented a safety risk towards babies.

105.    Graco knew or reasonably should have known that these representations and omissions were false when made. Consumer complaints documenting the speed Defect date back to at least March 2020, and Graco's own customer care representatives have responded to numerous such complaints over several years, demonstrating actual knowledge of the widespread issue. Graco made and continued to make these misrepresentations for the purpose of inducing consumers to purchase the swing.

106.    Plaintiff Haney saw and reasonably relied upon Graco's representations and omissions regarding the swing's adjustable and safe speed functionality when

36

making her purchase. Plaintiff and California Class Members were injured as a direct and proximate result of Graco's conduct because they paid for a product that did not perform as advertised and, had they known the truth, they would not have purchased the swing or would not have paid the price they paid.

**Count II**
**Violation of California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.**
*(By Plaintiff and the California Class)*

107.  Plaintiff incorporates all preceding factual allegations as though set forth fully herein. Plaintiff brings this cause of action on behalf of herself and the California Class.

108.  Plaintiff and California Class Members are "consumers" and their purchases of the Products constitute "transactions" within the meaning of the California Consumer Legal Remedies Act ("CLRA"). Graco's conduct as alleged herein constitutes unfair methods of competition and unfair and deceptive acts and practices carried out in transactions intended to result in, and which did result in, the sale of consumer goods.

109.  By representing that the Swings feature "adjustable swinging speeds" and that speed will not exceed the highest setting even when the battery is low, Graco represented that the Swings have characteristics, uses, and benefits it does not have, in violation of Civil Code section 1770(a)(5). Graco further represented the Swings as being of a particular standard and quality they are not, in violation of section

37

1770(a)(7), and advertised the Swings as suitable for their intended purpose—safe infant soothing through controlled oscillation—when the Products are in fact prone to uncontrolled, dangerous acceleration. These misrepresentations were material to reasonable consumers purchasing Swings for infant use.

110.  Graco further violated the CLRA by omitting warnings related to the Defect from any of its marketing, labeling, packaging, or instruction materials. Graco's omission was contrary to a representation actually made by Graco, namely that the swing speed rate will not exceed the higher setting. And, Graco had an obligation to disclose the Defect to consumers because it presented a safety risk towards babies. These omissions were material to reasonable consumers purchasing the Swings for infant use.

111.  Graco knew or should have known that its representations and omissions were false. Plaintiff saw, read, and reasonably relied on Graco's representations and omissions regarding the Swing's adjustable and safe speed functionality. Plaintiff and California Class Members would not have purchased the Swings, or would not have paid the price they paid, had they known the truth about the Swings' speed Defect and the falsity of Graco's representations.

112.  Plaintiff seeks injunctive relief pursuant to Civil Code section 1780(a)(2), and all monetary relief available under the CLRA. Prior to filing this complaint, Plaintiff provided Graco with written notice of the CLRA violations and

38

demanded that Graco correct the unlawful practices described herein. Graco failed to do so within thirty days. Ms. Haney and the California Class now seek all relief available under the CLRA.

**Count III**
**Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 et seq.**
*(By Plaintiff and the California Class)*

113.   Plaintiff incorporates all preceding factual allegations as though set forth fully herein. Plaintiff brings this cause of action on behalf of herself and the California Class.

114.   Graco's conduct as alleged herein violates each of the three prongs of the California Unfair Competition Law ("UCL")—the unlawful, the fraudulent, and the unfair prongs.

115.   Graco engaged in unlawful conduct by violating the CLRA and the False Advertising Law as alleged above, and by engaging in deceptive labeling and advertising practices that violate California's consumer protection framework.

116.   Graco engaged in fraudulent conduct. Graco's representations that the Swings feature safely adjustable speeds and will not exceed their highest speed setting even when the battery is low are false and misleading, and are likely to deceive—and did deceive—Plaintiff and other reasonable consumers into believing they were purchasing a safe, reliably controlled infant swing. Graco compounded this deception by omitting from its Product listings, packaging, and instruction

39

manuals any disclosure of the pervasive speed Defect, despite years of actual knowledge of the problem. Graco's instruction manuals from 2017 to the present contain no mention of this potential issue.

117. Graco also engaged in unfair conduct. The harm to Plaintiff and California Class Members resulting from Graco's false advertising and omissions is substantial and greatly outweighs any utility of Graco's conduct. A product marketed for infant use that spontaneously accelerates to its maximum speed without warning has no legitimate commercial utility as advertised. This harm was not reasonably avoidable by consumers, who had no means of discovering the Defect before purchase. Graco's conduct is immoral, unethical, oppressive, and substantially injurious to consumers and to the public policy against false and misleading advertising.

118. Plaintiff and California Class Members were injured as a direct and proximate result of Graco's UCL violations because they paid for a product that did not perform as advertised, and they would not have made their purchases or paid the prices they paid but for Graco's unlawful, fraudulent, and unfair conduct.

**Count IV**
**Breach of Express Warranty**
*(By Plaintiff, the Nationwide Class, and the California Class)*

40

119. Plaintiff incorporates all preceding factual allegations as though set forth fully herein. Plaintiff brings this cause of action on behalf of herself, the Nationwide Class, and the California Class.

120. Graco, as the manufacturer and seller of the Swings, issued material written warranties by representing that the swing features "adjustable swinging speeds" and that "[e]ven when the product's battery is low, the swing rate will not exceed the rate of the highest setting." These are affirmations of fact about the Products and promises relating to goods that became part of the basis of the bargain between Graco and purchasers including Plaintiff and Class Members, who relied on these warranties when deciding to purchase the Swings.

121. The Swings do not conform to these representations. They spontaneously accelerate to maximum speed regardless of the setting selected by the user, including on the lowest setting, and the Defect persists even after battery replacement. Graco's warranty that speed would not exceed the highest setting even with a low battery is directly contradicted by the consumer experience documented across hundreds of reviews and multiple CPSC complaints. The express warranty was thereby breached.

122. Plaintiff provided Graco with notice of this breach, and Graco's responses to consumer complaints demonstrate its actual knowledge of the Defect. Plaintiff and Class Members were injured as a direct and proximate result of Graco's

41

breach because they received a product that did not conform to the warranted specifications and would not have paid the purchase price had they known the warranties were false.

## Count V
## Breach of Implied Warranties
*(By Plaintiff, the Nationwide Class, and the California Class)*

123.   Plaintiff incorporates all preceding factual allegations as though set forth fully herein. Plaintiff brings this cause of action on behalf of herself, the Nationwide Class, and the California Class.

124.   Graco, as the designer, manufacturer, and seller of the Swings, impliedly warranted that the Products merchantable and fit for the ordinary purpose for which such goods are used— namely, the safe, controlled oscillation of infants. Graco breached the implied warranty of merchantability when it manufactured, distributed, and sold the Swings with the speed Defect described herein, rendering them unfit for safe use as infant Swings. A swing that spontaneously accelerates to maximum speed without warning, cannot be controlled by the speed dial, and cannot be turned off through ordinary operation is not of merchantable quality and is not fit for its ordinary purpose of safely soothing infants.

125.   Graco further impliedly warranted that the Swings were fit for the particular purpose for which Plaintiff and Class Members purchased it—that is, the safe, controllable, speed-adjustable soothing of infants. Graco knew, or had reason

42

to know, that purchasers were acquiring the Swings specifically to place infants in them and to control the oscillation speed for the comfort and safety of their babies. Graco is aware that consumers purchase the Swings precisely because of the advertised adjustable speed functionality. Plaintiff and Class Members justifiably relied on Graco's skill and judgment in designing and manufacturing a product fit for that purpose, and that reliance was misplaced.

126. Graco breached these implied warranties by manufacturing and selling a swing that was not fit for safe infant use due to the pervasive speed Defect. Plaintiff and Class Members were injured as a direct and proximate result, having paid for a product that was unsafe and unfit for its intended purpose. Privity exists between Plaintiff and Graco through Graco's direct sale to consumers via its website and through authorized retail channels; and to the extent any privity requirement applies, Plaintiff and Class Members are intended third-party beneficiaries of the agreements between Graco and its retail partners, as those agreements were made for the ultimate benefit of end-consumer purchasers.

**Count VI**
**Negligent Misrepresentation**
*(By Plaintiff, the Nationwide Class, and the California Class)*

127. Plaintiff incorporates all preceding factual allegations as though set forth fully herein. Plaintiff brings this cause of action on behalf of herself, the Nationwide Class, and the California Class.

128. Graco made affirmative representations to Plaintiff and Class Members that the Swings feature "adjustable swinging speeds" and that the Swings' speed "will not exceed the rate of the highest setting" even when the battery is low. These representations were false. The Products' actual behavior—spontaneously accelerating to maximum speed, with the speed control becoming inoperative and the problem persisting after battery replacement—directly contradicts Graco's stated representations.

129. When Graco made these representations, it knew or should have known they were false, or at minimum had no reasonable grounds for believing they were true. Consumer complaints dating to at least March 2020, hundreds of negative reviews across multiple retail platforms, multiple CPSC filings, and Graco's own customer care responses to those complaints all establish that Graco had knowledge of the speed Defect long before Plaintiff and Class Members made their purchases. Graco had no reasonable basis to continue representing the swing as featuring adjustable and safe speeds.

130. Graco intended that Plaintiff and Class Members rely on these representations, and Plaintiff and Class Members did in fact read and reasonably rely on them when making their purchasing decisions. Plaintiff and Class Members were injured as a direct and proximate result of Graco's negligent misrepresentations,

having purchased a product they otherwise would not have purchased or would not have paid the same price for had Graco's representations been accurate.

## Count VII
### Fraudulent Misrepresentation and Omission
*(By Plaintiff, the Nationwide Class, and the California Class)*

131.    Plaintiff incorporates all preceding factual allegations as though set forth fully herein. Plaintiff brings this cause of action on behalf of herself, the Nationwide Class, and the California Class.

132.    Graco made false representations to Plaintiff and Class Members that the Swings feature safely adjustable speeds and that the Swings' rate will not exceed the highest setting even when the battery is low. These representations were false when made. Graco knew they were false, or acted with reckless disregard for their truth or falsity, given years of consumer complaints, CPSC filings, and internal customer care responses documenting the exact opposite behavior. In addition to these affirmative misrepresentations, Graco concealed and omitted material information from its product listings, packaging, and instruction manuals concerning the speed Defect. Graco's instruction manuals from 2017 to the present confirm that Graco never disclosed this known Defect to consumers.

133.    Graco intended that Plaintiff and Class Members rely on its representations and omissions in deciding to purchase the Swings, and Plaintiff and Class Members did so rely. This reliance was reasonable given Graco's position as

45

a well-established manufacturer of infant products and the affirmative nature of its speed-related representations. Graco made these misrepresentations and engaged in these omissions for the purpose of inducing purchases and generating revenue, consciously choosing commercial gain over consumer safety.

134. Plaintiff and Class Members were injured as a direct and proximate result of Graco's fraudulent misrepresentations and omissions because they purchased and paid for a product they would not have purchased, or would not have paid the price they did, had they known the truth. Graco's conduct was willful, oppressive, and fraudulent, entitling Plaintiff and the Class to an award of punitive damages.

**Count VIII**
**Breach of Contract**
*(By Plaintiff, the Nationwide Class, and the California Class)*

135. Plaintiff incorporates all preceding factual allegations as though set forth fully herein. Plaintiff brings this cause of action on behalf of herself, the Nationwide Class, and the California Class.

136. Plaintiff and Class Members entered into contracts with Graco when they purchased the Swings. Those contracts, formed through the sale transaction, required Plaintiff and Class Members to pay the stated purchase price, and required Graco to deliver Swings conforming to the product representations—specifically, that the Swings would operate with safely adjustable speeds and would not exceed

the highest speed setting even when the battery was low. These were material and specific terms of the bargain.

137.    Plaintiff performed under the contract by paying $95.99 for the Swing. Graco breached the contract by failing to provide a Swing that conformed to its product representations, delivering instead a product afflicted with a pervasive and dangerous speed Defect. Graco further breached by failing to disclose material safety information before and at the time of sale, depriving Plaintiff and Class Members of information necessary to make a fully informed purchasing decision.

138.    As a direct and proximate result of Graco's breach, Plaintiff and Class Members were deprived of the benefit of their bargain and suffered damages in an amount to be established at trial.

### Count IX
### Unjust Enrichment
*(By Plaintiff, the Nationwide Class, and the California Class)*

139.    Plaintiff incorporates all preceding factual allegations as though set forth fully herein. Plaintiff brings this cause of action in the alternative, on behalf of herself, the Nationwide Class, and the California Class, to the extent any court determines that an adequate remedy at law does not exist.

140.    Through its false representations and material omissions regarding the Swings, Graco induced Plaintiff and Class Members to pay a purchase price for a product that did not deliver the benefits represented. Plaintiff and Class Members

conferred a direct monetary benefit upon Graco in the form of purchase payments. Graco has retained those payments despite the fact that Plaintiff and Class Members did not receive the product they were promised and paid for.

141. It is inequitable and unjust for Graco to retain the financial benefit conferred upon it under these circumstances. Plaintiff and Class Members paid more for the Swing than it was worth in light of the undisclosed Defect, and Graco's retention of those excess amounts constitutes unjust enrichment at the expense of Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stephanie Haney, individually and on behalf of the proposed Class, respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant Graco Children's Products, Inc., and grant the following relief:

a) an order certifying this action as a class action, designating Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

b) a judgment finding that Graco has committed the violations of law alleged herein;

c) an award of compensatory damages to Plaintiff and each Class Member in an amount to be determined at trial;

d) an award of restitution and disgorgement of all amounts wrongfully obtained by Graco as a result of the conduct alleged herein;

e) an award of punitive damages to the extent warranted by Graco's fraudulent and oppressive conduct;

48

f) an injunction requiring Graco to stop manufacturing, marketing, and selling the defective Swings; replace the defective Swings; issue corrective actions, including notification, recall, service bulletins, and fully-covered replacement parts and labor; correct its product listings, packaging, and marketing materials; and preserve all evidence relevant to this lawsuit and notify Swing owners with whom it comes in contact of the pendency of this and related litigation;

g) an award of pre-judgment and post-judgment interest as permitted by law;

h) an award of reasonable attorneys' fees and costs as permitted by law; and

i) such other and further relief as the Court deems just, equitable, and proper.

## JURY DEMAND

Plaintiff Stephanie Haney, individually and on behalf of the proposed Class, hereby demands a trial by jury on all issues and claims so triable.

Dated: August 7, 2026                    Respectfully submitted,

                                         /s/ Joshua P. Gunnemann
                                         Jonathan R. Chally
                                         Georgia Bar No. 141392
                                         Katherine L. D'Ambrosio
                                         Georgia Bar No. 780128
                                         Joshua P. Gunnemann
                                         Georgia Bar No. 152250
                                         Benjamin B. Watson
                                         Georgia Bar No. 32663
                                         **COUNCILL, GUNNEMANN &
                                         CHALLY LLC**
                                         75 14th Street NE, Suite 2475

Atlanta, GA 30361
Telephone:  404-407-5250
Facsimile:   404-600-1624
jchally@cgc-law.com
kdambrosio@cgc-law.com
jgunnemann @cgc-law.com
bwatson@cgc-law.com


Zachary Arbitman (*pro hac vice forthcoming*)
zarbitman@feldmanshepherd.com
George Donnelly (*pro hac vice forthcoming*)
gdonnelly@feldmanshepherd.com
Nicole Maruzzi (*pro hac vice forthcoming*)
nmaruzzi@feldmanshepherd.com
**FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK DODIG LLP**
1845 Walnut Street, Floor 21
Philadelphia, PA 19103
(215) 567-8300 (tel.)

Benjamin F. Johns (*pro hac vice forthcoming*)
bjohns@shublawyers.com
Samantha Holbrook (*pro hac vice forthcoming*)
sholbrook@shublawyers.com
**SHUB JOHNS & HOLBROOK LLP**
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, Pennsylvania 19428
(610) 477-8380 (tel.)

Andrew W. Ferich (*pro hac vice forthcoming*)

50

aferich@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania 19087
(310) 474-9111 (tel.)


*Attorneys for the Plaintiff and the Class*